Arthur A. Israel, New York City, for third party defendant Emanuel Mikalef Jewelry Mfrs., Inc.

Carl A. Schmitt, Frank, Strelkow & Gay, North Bay Village, Fla., for plaintiffs Alvin C. Richter, et al.

**Alvin C. RICHTER, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant,**

**Emanuel Mikalef Jewelry Manufacturers, Inc., Third-Party Defendant.**

**No. 86–8139–CIV.**

United States District Court, S.D. Florida, N.D.

June 22, 1987.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE came on for hearing on the motion of the plaintiffs, Alvin C. Richter, et al., for summary judgment and the cross-motion of the third-party defendant, Emanuel Mikalef Jewelry Manufacturers, Inc., for summary judgment.

### PROCEDURAL SETTING

This action was brought by the plaintiff/counterdefendant, Alvin C. Richter, et al., to recover possession of an emerald and diamond ring which was placed in the custody of the United States, so that the ring could be used as evidence in a criminal prosecution. After the United States took possession of the ring, the third-party defendant, Emanuel Mikalef Jewelry Manufacturers, Inc., claimed ownership of the ring. The United States has admitted that it has no claim to the subject ring and has filed a complaint in interpleader to have this court determine which of the two parties, the plaintiffs/counterdefendants, Alvin C. Richter, et al., or the third-party defendant, Emanuel Mikalef Jewelry Man-

ufacturers, Inc., is entitled to possession of the ring. On June 18, 1986, this court, upon the motion of the United States, dismissed the United States as a party defendant.

## FACTS

The material facts of this action are not in dispute. The third-party defendant, the original possessor of the ring (for purposes of this action), gave the ring to one Morton Dock on February 29, 1984. A "Memorandum of Consignment" in the amount of $240,000.00 was prepared by the third-party defendant and was signed by Dock. In his deposition, the third-party defendant's agent, Emanuel Mikalef, stated that Dock was known to Mikalef as a merchant who dealt in goods of the same or similar kind as the ring. Deposition of Emanuel Mikalef at 6–11. Contrary to the parties' agreement, Dock never paid the third-party defendant for the ring nor did Dock ever return the ring to Mikalef.

Dock sold the ring to the plaintiff on May 7, 1984. Dock had earlier signed a Memorandum with the plaintiff in the amount of $90,000.00 on the plaintiff's stationery. This memorandum was signed on April 20, 1984. The plaintiff stated in his deposition that Dock appeared at the plaintiff's business and "introduced himself [to the plaintiff] as a jewelry merchant from Indianapolis." Plaintiff's Deposition at 7. The plaintiff paid Dock for the ring by issuing four checks on April 28, 1984, each in the amount of $7,750.00 and by issuing five more checks, each in the amount of $6,600.00, on May 7, 1984. The checks were made payable to a third-party, one H. Matekunas.

Around March 14, 1986, the third-party defendant, Emanuel Mikalef, who had never received payment from Dock for the ring, contacted the District Attorney for the State of New York, County of New York, to bring charges and initiate an investigation. The office of the United States Attorney for the Southern District of Indiana then notified the third-party defendant that the ring had been recovered. In April 1986, the United States Attorney's Office informed the third-party defendant that the ring could not be returned to the third-party defendant, because the plaintiff had brought an action in this court seeking replevin of the ring.

## DISCUSSION

The parties agree that resolution of this action is governed by certain provisions of the Uniform Commercial Code, as adopted and codified in Florida, at Florida Statute § 672.2–403. This section provides in relevant part:

(2) Any entrusting of possession of goods to a merchant who deals with goods of that kind gives him power to transfer all rights of the transferor to a buyer in *ordinary course of business.* (3) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.

Fla.Stat.Ann. § 672.2–403(2) and (3) (West 1966) (emphasis added).

In relinquishing possession of the ring to Dock, the third-party defendant entrusted the ring to Dock within the meaning of section 672.2–403(3). Moreover, Dock was known to the third-party defendant as a merchant who dealt in goods of the same or similar kind as the ring. The acquiescence of possession on the part of the third-party defendant imparted Dock with the "power to transfer all rights of the transferor [the third-party defendant] to a buyer in the ordinary course of business." Fla.Stat.Ann. § 672.2–403(2) (West 1966).

The third-party defendant maintains that the method of payment to an unknown third person in nine separate checks, as well as the lack of an invoice or bill of sale from Dock precludes the plaintiff from relying on § 672.2–403(2), because the plaintiff was not a "buyer in the ordinary course of business." Under Florida law, a " 'buyer in the ordinary course of business' is a person who in *good faith* and without knowledge that the sale is in violation of the ownership rights or security interest of

a third party in the goods buys the goods in the ordinary course from a person in the business of selling goods of that kind...." Fla.Stat.Ann. § 671.201(9) (West Supp. 1987). "Good faith" is defined as "honesty in fact in the conduct or transaction concerned." Fla.Stat.Ann. § 671.1–201(19) (West 1966).

The plaintiff stated in his deposition that Dock introduced himself to the plaintiff as a merchant who dealt in goods similar to the ring in question. Plaintiff's Deposition at 7. The plaintiff, however, had never met Dock before the 1984 transaction. Moreover, the circumstances of the sale were of such a nature as to place the plaintiff on "notice" that there might be something questionable about the transaction.

Under Florida law, "[a] person has notice of a fact when ... (c) From all the facts and circumstances known to him at the time in question he has reason to know it exists." Fla.Stat.Ann. § 671.1–201(25) (West 1966). Clearly, the method of payment in itself was sufficient to cause the plaintiff to question the circumstances of the sale. The request for payment by nine separate checks made out to an individual with whom the plaintiff had never dealt, together with the plaintiff's lack of familiarity with Dock, were sufficient suspicious circumstances to give the plaintiff "reason to know" that the sale might not be in the ordinary course of business. At his deposition, when asked why the checks were written separately, the plaintiff responded: "That's what [Dock] asked me to [do] ... and that's why I wrote them that way." Plaintiff's Deposition at 18. The plaintiff admitted that he never questioned Dock nor asked who H. Matekunas was. *Id.* at 19. Subsequent purchasers are protected by the provisions of § 672.2–403(2) when such purchasers engage in "routine business transaction[s]." *Milnes v. General Electric Credit Corp.*, 377 So.2d 725, 729 (Fla.Dist.Ct.App.1979). The circumstances presented here do not constitute a sale to a "buyer in the ordinary course of business" as used under Florida law.

Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. That the motion of the plaintiff, Alvin C. Richter, et al., for summary judgment, be and the same, is DENIED.

2. That the cross-motion of the third-party defendant, Emanuel Mikalef Jewelry Manufacturers, Inc., be and the same, is GRANTED.

3. That within ten (10) days of the filing of this order, the third-party defendant shall submit a proposed final judgment for the court's consideration.